**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ELIZABETH COPELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. |
| | ) |
| ADAMS HEALTH NETWORK | ) |
| d/b/a THE VILLAGE HERITAGE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

The Plaintiff, by counsel, by alleges against the Defendant as follows:

1. The Plaintiff is Elizabeth Copeland, a resident of Monroeville, Indiana, and an employee of the Defendant at all material times to this Complaint. Plaintiff was over forty (40) at all material times of this complaint.

2. The Defendant is Adams Health Network d/b/a The Village Heritage, a company doing business at 12011 Whittern Rd., Monroeville, Indiana 46773. At all material times to this Complaint, the Defendant was an "employer" for the purposes of Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 ("ADA").

3. The Plaintiff filed her original Charge of Discrimination (EEOC No. 470-2016-00058), on October 1, 2015, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The EEOC issued its Dismissal and Notice

1

of Rights/Notice of Suit Rights on February 25, 2016 a copy of which is attached hereto and made a part hereof as Exhibit "B".  All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4.  The Plaintiff was employed by the Defendant from on or about June 1, 2012[1] until her wrongful termination on or about April 10, 2015.

5.  Plaintiff was initially hired by Defendant as a part-time dietary aid; on or about March 31, 2014, she was promoted to the job of full-time cook.

6.  During Plaintiff's employment, she requested time off work in order to have a Hysterectomy surgery. Plaintiff took about eight weeks off work per her doctor's orders.

7.  Plaintiff came back to work after about eight weeks, but she was suffering from complications from her surgery. She requested the reasonable accommodation of working thirty-two (32) hours a week instead of forty (40) hours a week. Plaintiff was denied this reasonable accommodation and informed that it would be impossible to accommodate her.

8.  Plaintiff was treated less favorably than similarly situated individuals under the age of forty (40) and/or or did not suffer from a serious health condition constituting a disability/perceived disability/record of impairment when she was subjected to disciplinary actions that others were not for the same conduct.

9.  When Plaintiff was terminated on or about April 10, 2015, she was given no

---

1 The exact date Plaintiff was hired is uncertain.

2

reason for her termination.

10. Plaintiff alleges that the proffered reason (or lack of reason) for termination was false and pretextual. In reality, Plaintiff had been discriminated against, retaliated against and terminated on the basis of suffering from a serious health condition constituting a disability/perceived disability/record of impairment and/or discrimination due to her age (over 40),. Defendant's actions were in violation of Plaintiff's federally protected rights under the ADA and ADEA.

11. Defendant failed to engage in the interactive process, failed to provide reasonable accommodations in violation of Plaintiff's rights under the ADA and the ADEA.

12. The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits including income as well as emotional distress, mental anguish, inconvenience, and other damages and injuries.

13. The Defendant's discriminatory and/or retaliatory conduct, furthermore, was intentional, knowing, willful, wanton,  and in reckless disregard of the Plaintiff's federally protected rights under the ADA, the ADEA, and the laws and public policies of the State of Indiana. Imposition of punitive damages is appropriate (where available), as is imposition of liquidated damages (where available).

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for compensatory damages, punitive damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

3

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Ilene M. Smith
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
Skyler Spurling-Newsome, #33833-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:          cmyers@myers-law.com
                    ismith@myers-law.com
          sspurlingnewsome@myers-law.com
Attorneys for Plaintiff

4